UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE P. NICHOLAS,  Case No. 15-cv-345-PP

    Plaintiff,

v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS and
MILWAUKEE TEACHERS' EDUCATION ASSOCIATION,

    Defendants.

---

### ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY JUNE 30, 2015, OR FACE DISMISSAL

---

On March 30, 2015, plaintiff Clarence P. Nicholas—representing himself—filed a complaint against the Milwaukee Board of School Directors. Dkt. No. 1. In Section III of the complaint, entitled "Statement of Claim," the plaintiff attached an Equal Employment Opportunity Commission ("EEOC") Complaint which he signed, and which was dated December 30, 2014. *That* document names the Milwaukee Public School Board of Directors and the Milwaukee Teachers' Education Association as defendants. It alleges that these two organizations engaged in a pattern or practice of employment discrimination, in violation of 42 U.S.C. §2000e *et seq.* In Section IV of the complaint, where he states the relief requested, the plaintiff asks for $1,000,000 from "Milwaukee Board of School Directors" and $1,000,000 from "Cornerstone Achievement Academy, Inc."

1

The plaintiff attached to the complaint the charge he filed with the EEOC, his EEOC intake form, and a December 30, 2014 letter from the EEOC investigator. Dkt. No. 1-2. The letter from the investigator tells the plaintiff that the investigator is going to recommend dismissal of the plaintiff's EEOC complaint. If the investigator's supervisor agrees with that dismissal recommendation, the EEOC will issue the plaintiff a dismissal, along with a document called a Notice of Right to Sue. The letter specifically says, "The Notice of Right to Sue allows you to pursue this matter in US. District Court within 90 days of receipt. If you do not file in court within 90 days, you will lose your right to file." Id.

The plaintiff also attached to his complaint a number of other documents—eleven exhibits in all. But none of those documents were the Notice of Right to Sue to which the EEOC investigator referred on December 30, 2014.

The Seventh Circuit Court of Appeals, whose decisions bind this court, has held that in order to file an employment discrimination action in federal court, the plaintiff must have obtained a "right to sue letter" from the EEOC. Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 128-29 (7th Cir. 1989) ("Although the charge-filing requirement is not jurisdictional, filing an EEOC charge and receiving a right-to-sue letter still is a prerequisite to suit unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error."). While "courts do not demand hypertechnical compliance with the filing requirements of Title VII . . . in recognition that lay persons often file EEOC

2

charges without consulting lawyers," no "blanket exception to the filing requirements of Title VII . . . exist[s] for pro se litigants who file EEOC charges." Secrist v. Burns Intern. Sec. Services, 926 F. Supp. 823, 825-26 (E.D. Wis. 1996).

The court understands, as do other courts, that "[c]omplainants often file EEOC charges without assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." Garner v. Knoll Bros. Quick Marts, Inc., 962 F.Supp. 1115, 1118 (N.D. Ind. 1997), citing Eggleston v. Chicago Journeymen Plumbers' Local Union, 657 F.2d 890 (7th Cir.1981), cert. denied, 455 U.S. 1017. But the Seventh Circuit has made clear that a plaintiff can't sue in federal court until he has received the Notice of Right to Sue from the EEOC, and provided that notice along with his complaint.

The plaintiff hasn't provided that Notice of Right to Sue in this case. In addition, it is not clear to this court from the complaint who it is that the plaintiff is trying to sue. He names the Milwaukee Board of School Directors in the caption of his complaint. He names the Milwaukee Public School Board of Directors and the Milwaukee Teachers' Education Association in the EEOC complaint from December 2014. And he names Cornerstone Achievement Academy, Inc. as someone from whom he wants a million dollars in damages. In other words, he names different groups in three different places. It is important that the plaintiff name, in the caption of his federal court complaint, the defendants he wishes to sue, and uses their correct organizational names.

3

The court will give the plaintiff an opportunity to amend his complaint, so that he can (a) attached the Notice of Right to Sue from the EEOC (if, in fact, he's received such a notice), and (b) make clear who, exactly, he is trying to sue in federal court. The court will give the plaintiff a specific amount of time in which to do this. If, within that time, the plaintiff does not file an amended complaint that (a) clearly names, in the caption, all of the parties he is suing and (b) has attached a Notice of Right to Sue issued by the EEOC, the court will dismiss his case without prejudice. See Hill v. Continental Air Transport Co., Inc., ___ F.Supp. ___, 1991 WL 86148 (N.D. Ill. May 20, 1991).

The court **ORDERS** that the plaintiff must file an amended complaint, complying with the conditions described above, by the end of the day on **Tuesday, June 30, 2015**. If the plaintiff does not file the amended complaint, along with the Notice of Right to Sue, by that date, the court will dismiss his complaint without prejudice.

Dated in Milwaukee this 2nd day of June, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court**