IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE P. NICHOLAS                    Case No. 15-cv-345-pp

                  Plaintiff,

v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS
and MILWAUKEE TEACHERS' EDUCATION ASSOCIATION,

                  Defendants.

**ORDER GRANTING THE PLAINTIFF'S RULE 15 MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. NO. 3), SETTING A DEADLINE FOR THE PLAINTIFF TO FILE THE AMENDED COMPLAINT, AND INSTRUCTING THE PLAINTIFF ON COMPLIANCE WITH CIVIL LOCAL RULE 15**

On March 30, 2015, plaintiff Clarence P. Nicholas—representing himself—filed a complaint against the Milwaukee Board of School Directors. Dkt. No. 1. In Section III of the complaint, entitled "Statement of Claim," the plaintiff attached an Equal Employment Opportunity Commission ("EEOC") Complaint, signed by him and dated December 30, 2014. Dkt. No. 1 at 3-5. *That* document named the Milwaukee Public School Board of Directors and the Milwaukee Teachers' Education Association as defendants. Id. at 3. It alleged that these two organizations engaged in a pattern or practice of employment discrimination, in violation of 42 U.S.C. §2000e *et seq*. Dkt. No. 1 at 3. In Section IV of the March 30, 2015 complaint, where he stated the relief requested, the plaintiff asked for $1,000,000 from "Milwaukee Board of School

1

Directors" and $1,000,000 from "Cornerstone Achievement Academy, Inc." Id. at 6.

The plaintiff attached to the complaint the charge he filed with the EEOC, his EEOC intake form, and a December 30, 2014 letter from the EEOC investigator. Dkt. No. 1-2. The charge and intake forms named the Milwaukee Public Schools as the alleged discriminating organization. Id. at 2, 4. The letter from the investigator told the plaintiff that the investigator was going to recommend dismissal of the plaintiff's EEOC complaint. Id. at 1. It stated that if the investigator's supervisor agreed with that dismissal recommendation, the EEOC would issue a dismissal, along with a document called a Notice of Right to Sue. Id. Although the plaintiff attached a number of other exhibits to his March 30 complaint, those documents did not include the Notice of Right to Sue.

On June 2, 2015, the court ordered that by June 30, 2015, the plaintiff must file an amended complaint, along with the Notice of Right to Sue (if he'd received one). Dkt. No. 2. In the order, the court explicitly required the plaintiff to file an amended complaint, and required that the amended complaint clearly name, in the caption, all of the parties he was suing, using the correct organizational names. Id. at 3.

On June 30, 2015, the plaintiff filed a document entitled, "Civil Procedure 15 Amendment and Motion." Dkt. No. 3. The document included a Notice of Right to Sue dated January 5, 2015. Id. at 3-4. The Notice of Right to Sue included a "cc:" to the Milwaukee Public School District. Id. at 3. In the

body of the June 30 "Amendment and Motion," the plaintiff alleged that "the Milwaukee Public School Board of Directors and the Milwaukee Teachers' Education Association" committed the discriminatory acts against him. Id. at 1. He attempts to "further amend[]" the complaint to seek $1,000,000 from the Milwaukee School Board of Directors and $1,000,000 from the Milwaukee School Teachers' Education Association. Id.

The court finds that the plaintiff has filed the Notice of Right to Sue as required. Therefore, the plaintiff has satisfied that requirement for proceeding with his lawsuit. He has not, however, complied with the rest of the court's June 2 order.

The court first notes that the court ordered the plaintiff to file an *amended complaint*. The document he filed on June 30—despite the fact that it has the word "amendment" in the title—is not an amended complaint. It is a motion, under Fed. R. Civ. P. 15, asking for permission to file an amended complaint. The plaintiff didn't need to file a request for permission to amend the complaint—the court had *ordered* him to do it.

Second, this motion does not comply with the requirements of the Civil Local Rules for the Eastern District of Wisconsin. Civil Local Rule 15 requires a party to "reproduce the entire pleading as amended." Civil L. R. 15(a). The plaintiff "may not incorporate any prior pleading by reference." Id. The plaintiff also "must state specifically what changes are sought by the proposed amendments." Civil L. R. 15(b). "The proposed amended pleading must be filed as an attachment to the motion to amend." Id. So—what the local rules require

3

is that the plaintiff re-type, or re-write, his complaint, and file that separately from his motion. The reason for this is because eventually, if the court accepts the plaintiff's amended complaint, the court will ask the marshals to serve that amended complaint on the defendants, and the defendants will use that amended complaint to determine how to defend themselves.

Because the plaintiff represents himself, he probably was not aware of this rule. Accordingly, the court is going to interpret his June 30 motion as a motion asking for permission to file an amended complaint, and the court will grant the motion. The court will, at the end of this order, give the plaintiff a deadline by which to file an amended complaint—a full complaint, on the form the court is going to provide.

Second, the "Civil Procedure 15 Amendment and Motion" still does not clarify which organization(s) the plaintiff seeks to sue. Does he seek to sue the Milwaukee Public School District (the entity named in his EEOC papers)? The Milwaukee School Board of Directors? The Milwaukee School Teachers' Education Association? Cornerstone Achievement Academy? All four? Or a combination of these entities? This is another reason that the court ordered the plaintiff to file an amended complaint, and to put in the caption of the complaint the names of all of the entities he was trying to sue. The plaintiff must include in his amended complaint the contact information for each entity he is suing. He also must explain briefly in the "statement of claim" portion of the complaint what he believes each of the defendant entities did to violate the law.

The court also notes that in his June 30 motion, the plaintiff spent almost a page of quotations about the law he thinks applies in his case. The complaint is not the place to include long legal discussions—if the court needs information about cases and statutes, the court will give the parties an opportunity to provide that information at a later time. The important information to put in the complaint is the "who," "what," "when," "where," and, if the plaintiff knows it, "why"—the *facts* about who did something to him, what they did, when they did it, where they did it and, if he knows, why they did it.

With this order, the court is enclosing a packet of information entitled "Guide to Filing Complaints Without a Lawyer in Federal District Court." This guide explains how to file a complaint that the court and the defendants can effectively consider. The court urges the plaintiff to take the advice and the tips in this packet into account when he writes and files his amended complaint.

If the plaintiff files the amended complaint by the deadline below, and provides the address  information for the defendants he names in the caption of the complaint, the court will ask the United States Marshals Service to serve the complaint on those entities. If the plaintiff does not file the required documents and information, the court will dismiss the complaint without prejudice.

The court **GRANTS** the plaintiff leave to amend the complaint and **ORDERS** the plaintiff to file an amended complaint, complying with the conditions described above, by the end of the day on **Friday, August 14, 2015**. If the plaintiff does not file the amended complaint with the required

5

information by that date, the court will dismiss the complaint without prejudice.

Dated at Milwaukee, this 2nd day of July, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

6