IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE P. NICHOLAS,　　　　　　　　　　Case No. 15-cv-345-pp

　　　　　　Plaintiff,

v.

MILWAUKEE PUBLIC SCHOOL DISTRICT,
And MILWAUKEE TEACHERS' EDUCATION ASSOCIATION,

　　　　　　Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT AND
REQUIRING A RESPONSE**

---

　　On March 30, 2015, plaintiff Clarence P. Nicholas—representing himself—filed a complaint against the Milwaukee Board of School Directors. Dkt. No. 1. In Section III of the complaint, the plaintiff attached the Equal Employment Opportunity Commission ("EEOC") Complaint, which was dated December 30, 2014. Dkt. No. 1-2. That document names the Milwaukee Public School Board of Directors and the Milwaukee Teachers' Education Association as defendants. Id. It alleges that these two organizations engaged in a pattern or practice of employment discrimination, in violation of 42 U.S.C. §2000e *et seq*. Id. Section IV of the complaint contains the requested relief, and the plaintiff asks for $1,000,000 from "Milwaukee Board of School Directors" and $1,000,000 from "Cornerstone Achievement Academy, Inc." Dkt. No. 1 at 6.

　　The plaintiff attached to the complaint the charge he filed with the EEOC, his EEOC intake form, and a December 30, 2014 letter from the EEOC

1

investigator. Dkt. No. 1-2. The letter from the investigator tells the plaintiff that the investigator is going to recommend dismissal of the plaintiff's EEOC complaint. Id. at 1. If the investigator's supervisor agreed with that dismissal recommendation, the EEOC would issue the plaintiff a dismissal, along with a document called a Notice of Right to Sue. Id. The investigator's letter specifically says, "The Notice of Right to Sue allows you to pursue this matter in U.S. District Court within 90 days of receipt. If you do not file in court within 90 days, you will lose your right to file." Id. The plaintiff also attached to his complaint a number of other documents, but none were the Notice of Right to Sue.

On June 2, 2015, the court screened the first complaint and required the plaintiff to file an amended complaint or face dismissal. Dkt. No. 2. The court did this for two reasons. First, the Seventh Circuit Court of Appeals requires the plaintiff to file the "right to sue letter" from the EEOC. Id. at 2 (citing Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 128-29). Second, the court could not determine who the plaintiff intended to sue. Dkt. No. 2 at 3. The court ordered that by June 30, 2015, the plaintiff must file the notice of right to sue and to make clear who he was suing. Id. at 4.

On June 30, 2015, the plaintiff filed a document entitled, "Civil Procedure 15 Amendment and Motion." Dkt. No. 3. That document included a Notice of Right to Sue dated January 5, 2014. Id. at 3-4. The Notice of Right to Sue included a "cc:" to the Milwaukee Public School District. Id. at 3. The "Amendment and Motion" included allegations against the Milwaukee Public

2

School Board of Directors and the Milwaukee Teachers' Education Association. Id. at 1.

On July 2, 2015, the court determined that the plaintiff had satisfied the requirement of filing the Notice of Right to Sue. Dkt. No. 4 at 3. However, the court interpreted the "Amendment and Motion" as a request for permission to file an amended complaint, which the plaintiff did not need to file, because the court had ordered him to file an amended complaint. Id. Further, the motion to file an amendment did not clarify which organization(s) the plaintiff intended to sue. Id. at 4. From the document, the court could not tell if the plaintiff sought to sue the Milwaukee Public School District, the Milwaukee School Board of Directors, the Milwaukee School Teachers' Education Association, Cornerstone Achievement Academy, all four entities, or a combination of these entities. Id. Therefore, the court granted the plaintiff's request for leave to amend the complaint and ordered him to file the amended complaint by Friday, August 14, 2015. Id. at 5.

On August 14, 2015, the plaintiff filed the amended complaint. Dkt. No. 5. In the caption of the complaint, he names two defendants: Milwaukee Public School District and Milwaukee Teachers' Education Association. Id. at 1. In the body of the complaint, he provides the addresses for each of these entities. Id. According to the plaintiff, MPS and MTEA discriminated against him while he was an employee of MPS and while he was a member of MTEA. Id. By failing to honor a salary schedule, which included a raise in September of 2006, the plaintiff alleges that the defendants violated Title VII of the Civil Rights Act of

3

1964. Id. at 1-2. The plaintiff later retired, and asserts that his retirement compensation does not reflect the pay increase that MPS and MTEA owed to him. Id. at 2. The court now screens the August 14, 2015 amended complaint.

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 556 U.S at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

Section 2000e-2(a) of Title 42 states that "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, *or otherwise to discriminate against any individual* with respect to his compensation, terms, conditions, or privileges of

4

employment, because of such individual's race, color, religion, sex, or national origin . . . ." The amended complaint the plaintiff filed alleges that the defendants discriminated against him, and references in paragraph E an "Affirmative Action Plan." On its face, the complaint does not state the plaintiff's theory of why the defendants discriminated against him. He attached to his original complaint, however, the documents he filed with the EEOC prior to filing this lawsuit. His EEOC charge of discrimination clearly states, "I believe I was paid a discriminatory wage and am being paid a discriminatory pension on the basis of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended." Dkt. No. 1-2 at 2. The court finds that, between his original complaint, his amended complaint, and the exhibits attached to the original complaint, the plaintiff has stated a plausible claim. The court thus will require the defendants to respond in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules for the Eastern District of Wisconsin.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint, a waiver of service form and/or the summons, the magistrate judge consent/refusal form, and this order upon the defendants, pursuant to Fed. R. Civ. P. 4.

Upon receipt of the complaint, the court **ORDERS** defendants Milwaukee Public School District and Milwaukee Teachers' Education Association to answer or otherwise respond to the complaint in accordance with the

requirements and deadlines found in the Federal Rules of Civil Procedure and the Civil Local Rules for the Eastern District of Wisconsin.

Dated at Milwaukee, this 2nd day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge